UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 04-25367
)
MARIAN E. MOTZ, ) Chapter 7
)
    Debtor. ) Judge Arthur I. Harris

## MEMORANDUM OF OPINION

On January 7, 2005, creditor Chase Manhattan Mortgage Corporation (Chase) filed a motion in this Chapter 7 case for relief from stay and abandonment regarding real property located at 6366 Iroquois Trail, Mentor, Ohio (Docket #11). Chase seeks relief from stay under 11 U.S.C. § 362(d)(1) and/or (d)(2). The debtor has filed a brief in opposition (Docket #14) asserting: (1) that the debtor is current on the loan, (2) that Chase is adequately protected by a significant equity cushion, and (3) that Chase's "Lost Note Affidavit," accompanying the motion, is deficient. For the reasons that follow, Chase's motion for relief from stay and abandonment regarding real property located at 6366 Iroquois Trail, Mentor, Ohio, (Docket #11) is granted, and the debtor's objection (Docket #14) is overruled.

## BACKGROUND

The motion indicates that the property has a value of $87,390 but has outstanding liens from Chase and from Citifinancial. Chase alleges it has a note with an outstanding balance of almost $68,000 and that Citifinancial has a note

with an outstanding balance of almost $22,000. Both of these figures are also listed in the debtor's schedule D. Thus, Chase argues the debtor has no equity in the property. In her objection (Docket #14), the debtor alleges that she has equity in the property because Chase's note has an outstanding balance $20,000 less than the value of the real property. The debtor also alleges that Chase has not met its burden of proof for establishing the debtor's obligation on the note. Specifically, the debtor argues that Chase's Lost Note Affidavit is deficient because it "fails to provide any of the terms for said Note, how [Chase] acquired a Note that does not exist, what steps have been taken to locate the Note, or the reasons why said Note cannot be located."

For purposes of this motion, the Court will assume that the debtor is current on the loan and that Chase is adequately protected by a significant equity cushion.

## DISCUSSION

This case involves the relatively frequent situation in which a Chapter 7 debtor opposes a creditor's motion for relief from stay, asserting that the debtor is current or can become current on his or her obligation to the secured creditor. *See, e.g., In re Amoakohene*, 299 B.R. 196 (Bankr. N.D. Ill. 2003) (discussing whether Chapter 7 debtor may retain his home against the objection of the mortgagee by

simply remaining current on payments, or conversely, whether a mortgagee should be entitled to modification of the automatic stay in pursuit of its *in rem* claim against real property due to the debtor-mortgagor's failure to surrender, reaffirm, or redeem his property pursuant to Section 521(2)).

Section 362 of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>       (A) the debtor does not have an equity in such property; and
>       (B) such property is not necessary to an effective reorganization.

Although some courts have held that a debtor's objections to relief from stay in a Chapter 7 case "have no merit" and that the mere failure of the trustee to object to relief from stay is sufficient "cause" under 362(d)(1), *In re Davenport*, 266 B.R. 787, 788 (Bankr. W.D. Ky. 2001); *In re Cohen*, 141 B.R. 1 (Bankr. D. Mass. 1992), this Court need not address Chase's subsection 362(d)(1) argument. Rather, the Court believes that Chase has established that it is entitled to relief from stay under subsection 362(d)(2).

3

Relief from stay is appropriate under Section 362(d)(2) where the debtor does not have equity in the property and the property is not necessary to an effective reorganization. This case was filed under Chapter 7, so the property is not needed for reorganization. *See, e.g., In re Newpower*, 233 F.3d 922, 935 (6th Cir. 2000); *In re Sanabria*, 317 B.R. 59, 61-62 (8th Cir. B.A.P. 2004); *Powers v. America Honda Finance Corp.*, 216 B.R. 95, 97 (N.D.N.Y. 1997) ("[I]n a Chapter 7 liquidation case, effective reorganization is irrelevant."). The question then is whether the debtor has equity in the property. The debtor appears to argue that she does have equity in the property as it pertains to Chase's lien. Chase argues that the debtor does not have equity when *all* liens on the property are considered.

> The bankruptcy courts that have confronted this issue have differed over the proper definition of "equity" for purposes of this section. They are divided as to whether "equity" refers to the interest of the debtor after all encumbrances are subtracted from the value of the property or whether it refers to the amounts owing only the moving party and those liens superior to the lien of the moving party.

*In re Franke*, 268 B.R. 133, 134 (Bankr. W.D. Mich. 2001). The majority rule defines equity as the value for unsecured creditors after subtracting the secured claims. *Id.* at 134 n.1.

It appears that the Sixth Circuit has adopted this definition as well. *See*

4

*Stephens Industries, Inc. v. McClung,* 789 F.2d 386, 392 (6th Cir. 1986) (" 'Equity,' . . . 'is the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors.' ") (quoting *In re Mellor*, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984)); *accord In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 207-08 (3d Cir. 1995) (following *In re Mellor*); *In re Cambridge Woodbridge Apartments, L.L.C.*, 292 B.R. 832, 840 (Bankr. N.D. Ohio 2003) (applying definition of equity contained in *Stephens Industries*). Thus, a debtor lacks equity in the property when there is no value, "above all secured claims against the property," that can be realized from the sale of the property for the benefit of the unsecured creditors. *Stephens Industries*, 789 F.2d at 392.

In the present case, the debtor has not asserted that there exists any value in the property after deducting all secured claims. Indeed, the debtor's own schedules list an uncontested second mortgage claim of $21,884.61. Thus, Chase has satisfied the elements necessary for granting relief under Section 362(d)(2), provided Chase can overcome the debtor's final argument.

### *The Lost Note Affidavit*

The debtor's final argument in opposing the motion for relief from stay is

that Chase's Lost Note Affidavit is insufficient to establish Chase's claim under the note. The Court, however, need not decide whether Chase's affidavit satisfies the elements for enforcement of lost, destroyed, or stolen instruments contained in Ohio Rev. Code Section 1303.38. Even if the affidavit is lacking, Chase is still entitled to relief from stay based upon its recorded mortgage, a copy of which is included with Chase's motion for relief from stay and abandonment. *See In re Perrysburg Marketplace, Co.*, 208 B.R. 148, 159 (Bankr. N.D. Ohio 1997) (even if creditor was precluded from recovering on lost note, creditor could still recover under mortgage under Ohio law). Accordingly, the debtor's argument regarding the sufficiency of the affidavit of lost note is immaterial, and Chase is entitled to relief from stay and abandonment.

## CONCLUSION

For the foregoing reasons, Chase Manhattan Mortgage Corporation's motion for relief from stay and abandonment regarding real property located at 6366 Iroquois Trail, Mentor, Ohio, (Docket #11) is granted, and the debtor's objection (Docket #14) is overruled.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge